IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
)
       v.                  )    Criminal No. 08-17
)
CHARLES RAYMON SCOTT, JR.    )

O P I N I O N

DIAMOND, D.J.

    On January 15, 2008, a grand jury returned a one-count indictment against Charles Raymon Scott, Jr., ("defendant") charging him at Count One with distribution and possession with the intent to distribute less than 5 grams of crack cocaine.

    Currently pending are the following pretrial motions filed by defendant: (1) motion for discovery; (2) motion for early release of Jencks material; (3) motion in limine; (4) motion to suppress; and, (5) motion to produce confidential informant. The government has filed a consolidated response to defendant's pretrial motions.

    On November 27, 2007, a criminal complaint was filed against defendant charging him with distributing and possessing with intent to distribute less than 5 grams of crack cocaine on August 21, 2007. Pursuant to the affidavit in support of the criminal complaint filed by Special Agent Brett Pritts of the Drug Enforcement Agency ("DEA"), a confidential informant "CI-1" told

an Allegheny County Police Detective Jason Binder that he would be able to purchase crack cocaine from an individual the informant knew as "Shoog" who resided at 483 Ella Street in Wilkinsburg. CI-1 was working with the police in the hope of receiving a reduced sentence on a narcotics charge and had proven to be reliable in the past. After receiving the information from CI-1, a Wilkinsburg police officer told the detective that Shoog was defendant. CI-1 was shown a photograph of defendant and he identified defendant as the individual he knew as Shoog.

On August 21, 2007, CI-1 made arrangements with defendant to purchase an eight-ball of crack. Defendant directed CI-1 to defendant's residence on 483 Ella Street. Detective Binder searched CI-1 and his vehicle and determined that CI-1 had no drugs or money. Detective Binder then provided him with $150.00 and another detective followed CI-1 to defendant's residence. Around 10:00 p.m., detectives observed CI-1 enter 483 Ella Street. Approximately two minutes later, a black male exited the residence and walked down the hill past the detective and made a right turn onto Rebecca Street, returning about 15 minutes later. This individual was identified by the detective as defendant. At around 10:17 p.m., defendant met with CI-1 in front of 483 Ella Street and made an exchange. CI-1 departed the area and was followed by detectives to a predetermined location where CI-1 turned over a plastic baggie containing suspected crack cocaine.

The substance subsequently tested positive for cocaine base. CI-1 advised the detectives that he also had observed marijuana and a firearm in the residence and that there was another black male inside as well when he entered.

The affidavit also states that officers met with CI-1 again on November 19, 2007, to arrange a controlled purchase of 1 ounce of crack/cocaine from defendant. CI-1 spoke to defendant's girlfriend who indicated that defendant would call back. When defendant did not, it was decided that CI-1 would go to defendant's residence at 483 Ella Street. Defendant and his vehicle were searched for monies and contraband. Special Agent Pritts provided CI-1 with a recording/transmitting device and defendant traveled to defendant's residence with $1,200.00 in official funds. When CI-1 arrived, he met with defendant on the porch. Defendant told him to return in twenty minutes. About an hour and ten minutes later, CI-1 received a call from defendant's girlfriend who told CI-1 that defendant was on his way back to his residence.

About twenty minutes later, CI-1 received another call from defendant's girlfriend who directed CI-1 to meet defendant at Shuman Market. After arriving at Shuman Market, CI-1 received another call from defendant's girlfriend and was told to go back to defendant's residence. CI-1 arrived at defendant's residence and went inside. Officers overheard through the transmitter an

3

argument between defendant and CI-1 after defendant asked CI-1 if he was wearing a wire. The officers then made the decision to extricate CI-1 from the residence. When officers arrived they observed defendant and CI-1 on the porch. An officer drew his firearm and ordered defendant to the ground but defendant jumped from the porch and fled through the woods.

Officers subsequently executed a search warrant at defendant's residence and seized a scale, a scanner, surveillance cameras, a .357 Glock magazine and several indicia of residence. Officers also seized a Pennsylvania carry licence in the name of Dorien Garland, who had been robbed in June of 2007 near defendant's residence. Also retrieved from the floor of the residence was the money from the aborted November 19, 2007, controlled buy. Defendant was arrested on January 4, 2008, in State College, Pennsylvania.

On January 15, 2008, defendant was indicted and charged in a one-count indictment with distributing and possessing with the intent to distribute less than 5 grams of crack cocaine on August 21, 2007.

1)   **Motion in Limine**

Defendant has filed a motion in limine seeking to exclude as evidence at trial the attempted controlled buy of November 19, 2007, as well as the recordings relating from that event,

including a recording from November 16, 2007, in which CI-1 contacted defendant to arrange the controlled buy. In response, the government indicates that it will seek to introduce evidence of the November 19, 2007, controlled buy pursuant to Federal Rule of Evidence 404(b).

Fed. R. Evid. 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other enumerated purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.

Here, the government has advised that it intends to introduce at trial the following evidence under Rule 404(b): (1) the events of November 19, 2007; (2) testimony from the confidential informant that defendant possessed a firearm on August 21, 2007; (3) the events surrounding defendant's arrest on March 16, 2007, for possession of a firearm by a prohibited person; and, (4) facts relating to defendant's conviction on January 7, 2005, for delivery of a controlled substance.

The "'threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence

is probative of a material issue other than character.'" United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001) quoting Huddleston v. United States, 485 U.S. 681, 686 (1988). Admissibility of evidence pursuant to Rule 404(b) requires: (1) a proper evidentiary purpose; (2) relevance under Rule 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under Rule 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used. United States v. Mastrangelo, 172 F.3d 288, 294 (3d Cir. 1999).

Here, defendant's motion in limine seeks exclusion of the events and recordings of November 16, 2007, and November 19, 2007. The government argues that this evidence is relevant and admissible pursuant to Rule 404(b) as being probative of a pattern of dealing with the confidential informant and also as probative of identity to the extent defendant contends he is not the individual who sold crack cocaine to defendant on August 21, 2007. In addition, the government submits that the evidence is relevant to rebut any innocent rationale defendant may have for meeting with CI-1 on August 21, 2007 and also is relevant to defendant's intent to distribute crack cocaine on that date.

The court agrees with the government that the challenged evidence is relevant and that it will be offered for proper evidentiary purposes. In addition to the purposes advanced by the government, the events of November 19, 2007, also are probative

to establish an association between defendant and the confidential informant and a common plan of dealing with one another. United States v. Russell, 134 F.3d 171, 183 (3d Cir. 1998). Moreover, the proximity in time of the events also suggests that defendant had the intent to distribute narcotics to the CI-1 on both occasions. See, e.g., United States v. Wright-Barker, 784 F.2d 161, 175 (3d Cir. 1986).

Likewise, the testimony from the confidential informant that defendant possessed a firearm on August 21, 2007, and the events surrounding defendant's arrest on March 16, 2007, for possession of a firearm by a prohibited person also are admissible under Rule 404(b). It has long been recognized that firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade. United States v. Russell, 134 F.3d 171, 183 (3d Cir. 1998). Accordingly, the evidence the government intends to introduce regarding the two firearms-related events is relevant and probative of defendant's intent to distribute illegal controlled substances.

Finally, evidence relating to defendant's conviction on January 7, 2005, for delivery of a controlled substance also is admissible Rule 404(b) evidence. See United States v. Lee, 573 F.3d 155, 166 (3d Cir. 2009)(prior drug trafficking conviction was properly admitted as evidence that defendant intended to distribute any drugs in his possession).

Accordingly, the court finds that all of the evidence that the government intends to introduce under Rule 404(b) is relevant and probative of issues other than defendant's character. To the extent that introduction of the evidence results in prejudice to defendant, such prejudice is outweighed by the probative effect of the evidence, and may be alleviated by the appropriate limiting instruction. Defendant's motion in limine therefore will be denied.

2) **Motion to Suppress**

Defendant also has filed a motion to suppress the recordings made by the confidential informant on November 16, 2007, and November 19, 2007, on the sole ground that those recordings were made in violation of Pennsylvania law, specifically, 18 Pa.C.S.A. §5704 and 37 Pa Code 53.1 *et seq*. This argument is without merit.

"It is a general rule that federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law." United States v. Williams 124 F.3d 411, 428 (3d Cir. 1997) quoting United States v. Rickus, 737 F.2d 360, 363 (3d Cir.1984).

Here, even assuming *arguendo* that the recordings were made in violation of state law, suppression would only be an appropriate remedy if the recordings were made in violation of federal law. The applicable federal statute authorizes the

interception of communications by an individual acting under color of law where one party to the communication consents, as well as the interception of communications by an individual not acting under color of law where that person is a party to the communication. 18 U.S.C. §2511(c) and (d)

Here, the recordings were made by a confidential informant, a party to the conversations, under the direction of DEA Special Agent Brett Pritts, and defendant makes no allegation that the recordings were made without the consent of the confidential informant or that the communications otherwise were intercepted in violation of the federal wiretap laws.

Accordingly, defendant's motion to suppress the recordings on the sole basis that they were made in violation of state law will be denied.

3) **Motion for Discovery**

In a related motion, defendant requests disclosure of any information "relative to the authorization of the body wire worn by the confidential informant" in order to ascertain whether the recordings were made in compliance with the provisions of Pennsylvania law.

In response, the government indicates that "no such information is available," as the communications in this case were not intercepted pursuant to Pennsylvania state law, but by a

confidential informant who was a party to the communication under the authority of 18 U.S.C. §2511(c) and (d). Accordingly, defendant's motion will be denied.

### 4) **Motion to Produce Confidential Informant**

Defendant also has filed a motion to produce the confidential informant used for the August 21, 2007, drug purchase at 483 Ella Street, on the basis that only the confidential informant knows the identity of the individual who actually was in possession of the crack cocaine.

It is well-settled that "in no event is the government required to divulge the identity of its witnesses in a noncapital case." United States v. Addonizio, 451 F.2d 49, 62 (3d Cir.1972). Moreover, while the government under certain circumstances does have a duty to disclose the identity of a confidential informant who will not testify at trial, Roviaro v. United States, 353 U.S. 53 (1957) and United States v. Jiles, 658 F.2d 194 (3d Cir. 1981), the confidential informant in this case will testify, and the Roviaro analysis therefore is inapplicable. United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002).

As the confidential informant will testify at trial in this noncapital case, the government has no duty to disclose the identity of the confidential informant. Accordingly, defendant's motion will be denied.

10

5) **Motion for Early Disclosure of Jencks Act Material**

Defendant also has filed a motion requesting early disclosure of Jencks Act material.

The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

There is no authority by which courts can order the government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial. Accordingly, the motion for early disclosure of Jencks material will be denied. However, the court will enter an order encouraging the government to provide the defendant with Jencks Act materials no later than ten days prior to trial.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: December 3, 2009

11

cc: Constance M. Bowden
    Assistant U.S. Attorney

    Patrick K. Nightingale, Esq.
    Nightingale Joseph, LLC
    210 Grant Street
    Suite 401
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)