IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
    v.                         )   Criminal No. 08-17
                               )
CHARLES RAYMON SCOTT, JR.      )


MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion to withdraw guilty plea filed by Charles Raymon Scott, Jr. ("defendant"), in the above-captioned case. The government has filed a response opposing the motion. For the reasons set forth below, the motion will be denied.[1]

On January 15, 2008, a grand jury returned a one-count indictment against defendant charging him with distribution and possession with intent to distribute less than 5 grams of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).

On January 25, 2010, defendant appeared before the court to change his plea from not guilty to guilty to Count One pursuant to a written plea agreement. Prior to accepting defendant's guilty plea, the court engaged in an extensive plea colloquy with defendant as required by Federal Rule of Criminal Procedure 11(b). The court found that defendant knowingly and voluntarily was

---

[1] Because the court finds that the allegations set forth in defendant's motion are not supported by specific facts, and it is clear from the record before the court that defendant is not asserting his innocence as to the charge to which he pled, no evidentiary hearing on defendant's motion is required. See United States v. Thompson, 48 Fed. Appx. 24, 25 (3d Cir. 2002).

entering the guilty plea and accepted it after concluding that there was a factual basis for it.

Less than a week before defendant's scheduled sentencing hearing, defendant's court-appointed counsel, Patrick Nightingale, filed a motion to withdraw as counsel. The sentencing date was continued and a hearing on the motion to withdraw as counsel was held on May 19, 2010, following which Attorney Nightingale was granted leave to withdraw as counsel for defendant. Subsequently, Attorney Lee Markovitz was appointed to represent defendant.[2]

On June 22, 2010, Attorney Markovitz filed on defendant's behalf a motion to withdraw guilty plea (Document No. 101). The motion alleges that defendant "objects to the restrictions on his right to appeal contained in the plea agreement" and that defendant believes that his "guilty plea counsel was ineffective." For the following reasons, the court finds that defendant has not satisfied any of the three factors necessary to justify the withdrawal of his guilty plea. Accordingly, defendant's motion will be denied.

Rule 11 of the Federal Rules of Criminal Procedure permits a defendant to withdraw a guilty plea after the court accepts the plea, but before the court imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B).

---

2 Attorney Markovitz is defendant's third attorney in this case following Attorney Nightingale and Assistant Federal Public Defender Jay Finkelstein, who also was removed as counsel at defendant's request.

AO 72
(Rev. 8/82)

In determining whether a "fair and just reason" exists for withdrawal of a guilty plea, this court must consider three factors: (1) whether the defendant has asserted his innocence; (2) whether the defendant has proffered strong reasons justifying the withdrawal; and, (3) whether the government would be prejudiced by the withdrawal. United States v. King, 604 F.3d 125, 139 (3d Cir. 2010). The burden of demonstrating a "fair and just" reason is on the defendant, and that burden is substantial. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).

With respect to the first factor, "[b]ald assertions of innocence ... are insufficient to permit a defendant to withdraw [his] guilty plea." United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." Id. Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999).

Here, defendant makes no assertion of innocence. Instead, defendant simply "objects to the restrictions of his right to appeal" and makes a bald allegation that he received ineffective assistance from Attorney Nightingale. Defendant does not claim

AO 72
(Rev. 8/82)

that he did not engage in the conduct to which he pled guilty and he has pointed to no facts to support his allegation that Attorney Nightingale was ineffective.

Moreover, a review of the transcript of defendant's change of plea hearing shows that defendant admitted under oath that the factual basis underlying his plea as recited by the Assistant United States Attorney was correct. At the conclusion of the government's summary of the evidence against him, the court expressly inquired "[a]s it pertains to you, is that accurate?" to which defendant responded "[y]es sir." See Exhibit 1 to Government's Response to Defendant's Motion to Withdraw Guilty Plea at p. 22. Defendant offers no explanation for his admission of guilt at the plea hearing.

Because defendant admitted the conduct constituting the crime charged against him, and he has made no contrary assertion of his innocence supported by facts in the record, he has failed to satisfy the first factor necessary to justify the withdrawal of his guilty plea.

The second factor the court must consider is the strength of the defendant's reasons for seeking to withdraw his guilty plea. This factor also militates against permitting defendant to withdraw his guilty plea. Again, the sole bases for withdrawal set forth in the motion are defendant's objection "to the restrictions of his right to appeal" and his allegation that he received ineffective assistance from Attorney Nightingale. Neither is sufficient to justify withdrawal under Rule 11.

AO 72
(Rev. 8/82)

As to defendant's objection to the restrictions on his appellate rights, the transcript of the change of plea hearing establishes that defendant's agreement to those restrictions was knowingly and voluntarily made. Upon questioning by the court defendant confirmed his signature on the plea bargain letter and admitted that he signed it voluntarily after having had the opportunity to read it and discuss it with his attorney. See Exhibit 1 to Government's Response to Defendant's Motion to Withdraw Guilty Plea at p. 15. Later, the court specifically emphasized the provisions in the plea letter regarding defendant's waiver of his appellate rights except in limited circumstances and explicitly inquired as to whether defendant understood he was waiving those rights, to which defendant responded "[y]es, sir." Id. at 18.

It is clear from the record that defendant knowingly and voluntarily signed the plea letter and entered his guilty plea after being fully advised of the rights which he was waiving in doing so. Defendant makes no allegation that he did not understand the terms of the agreement as it relates to appellate rights and he raised no objections to the waiver of those rights at the time of the change of plea hearing. That he now has strong objections to the restrictions on his appellate rights is not a sufficient basis to justify withdrawing his plea when he knowingly and voluntarily waived those rights at the hearing.

To the extent defendant alleges his guilty plea should be withdrawn because of ineffective assistance of counsel, he has not

AO 72
(Rev. 8/82)

- 5 -

pointed to any specific act or omission or objective evidence to support such a claim.³ Simply put, defendant has not alleged that Attorney Nightingale's advice was unreasonable, nor has he alleged that he has been prejudiced in any way by Attorney Nightingale's handling of his case. Rather, defendant seeks to withdraw his plea based solely on his apparent belated dissatisfaction with Attorney Nightingale.

However, defendant's position is undermined by his own statements at the change of plea hearing. When questioned by the court as to whether he was satisfied to have Attorney Nightingale represent him, defendant responded that he was satisfied with counsel. See Exhibit 1 to Government's Response to Defendant's Motion to Withdraw Guilty Plea at p. 4. In fact, as established at the hearing on Attorney Nightingale's motion to withdraw as counsel, the first evidence of defendant's dissatisfaction with Attorney Nightingale came to light when the two become involved in a near physical confrontation at the Northeast Ohio Corrections Center a week prior to the initial sentencing date when Attorney Nightingale met with defendant to discuss the presentence report after Attorney Nightingale had filed objections to that report on defendant's behalf.

---

3 "A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if: (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and, (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54.

Accordingly, the court finds that neither reason advanced by defendant in his motion to withdraw guilty plea is particularly strong and concludes that defendant also has failed to satisfy the second factor required to justify permitting withdrawal of his plea.

The third factor courts look to when evaluating a motion to withdraw a guilty plea is whether the government has demonstrated that it would be prejudiced by the withdrawal of a guilty plea. However, the government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995).

Here, defendant has failed to meaningfully assert his innocence or provide a fair and just reason for withdrawing his plea, and the government thus is not required to show prejudice. Nevertheless, the court notes that the government would be prejudiced to some degree if defendant is permitted to withdraw his plea. Trial in this case was set for January 25, 2010, and the government was prepared to proceed to trial at that time. Defendant entered his guilty plea on the day scheduled for jury selection and over five more months since have passed.

In conclusion, defendant has failed to sustain his substantial burden of showing a fair and just reason for withdrawing his plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B). Accordingly, defendant's motion to withdraw his guilty plea will be denied.

AO 72
(Rev. 8/82)

- 7 -

An appropriate order follows.

O R D E R

AND NOW, this 6th day of July, 2010, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to withdraw guilty plea (Document No. 101) be, and the same hereby, is **denied**.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Constance M. Bowden
    Assistant U.S. Attorney

    Lee Markovitz, Esq.
    1220 Grant Building
    Pittsburgh, PA 15219