IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) CRIMINAL NO. 8-17 |
| CHARLES RAYMON SCOTT, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

Charles Raymon Scott ("Scott") has filed a *pro se* Motion for Release / Reduced Sentence Pursuant to CARES and / or First Step Act.[1] (ECF 205) The Defendant is serving an agreed-upon 14-month sentence for violations of his term of supervised release. He has a projected release date of December 22, 2020. He seeks compassionate release, contending that the risk of COVID-19 presents "extraordinary and compelling" reasons under 18 U.S.C. 3582(c)(1)(A) and that release from a Bureau of Prisons ("BOP") custodial setting is warranted. The Motion is DENIED for the following reasons.

(1) The Defendant's Motion is predicated upon the risk of infection based upon the conditions present at the Northeast Ohio Correctional Center ("NECOO"). He attaches as exhibits to his Motion numerous letters from the warden of NEOCC notifying detainees of positive COVID-19 tests. (ECF 205) However, as the Government avers (ECF 207), since the filing of his Motion, Scott has been transferred to U.S.P. Hazleton.[2] Consequently, the conditions at NEOCC are moot given Scott's transfer. *See United States v. Hooker*, 2020 WL 6504539, at * 3 (S.D. N.Y. Nov. 5, 2020) (rejecting as "moot" the defendant's contentions that the conditions of confinement were

---

[1] The Federal Public Defenders Office declined to supplement the Defendant's Motion.
[2] A search on the Federal Bureau of Prisons inmate finder on November 16, 2020 confirmed that Mr. Scott is currently being housed at U.S.P. Hazelton.

"terrifying" when he had been transferred to another prison after filing his motion) and *United States v. Russ*, 2020 WL 6083309, at * 2 (M.D. Tenn. Oct. 15, 2020) (same).

(2) The Defendant does not indicate that he is at an increased risk of infection due to any underlying disease or health condition. At this point, generalized concerns about the risk of exposure to COVID-19, absent any underlying health concerns or indication that the facility housing the Defendant has a high rate of infection or is lacking in proactive policies and measures to protect the health and safety of its population, do not rise to the level of "extraordinary and compelling" reasons warranting relief under 18 U.S.C. 3582(c)(1)(A). *See United States v. Cato*, 2020 WL 4193-55, at * 2 (E.D. Pa. July 21, 2020) (rejecting a compassionate release motion based upon generalized concerns about contracting COVID-19, noting that "'the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.'"), *quoting, United States v. Roeder*, 807 Fed. Appx. 157, 161 n. 16 (3d Cir. 2020); *United States v. Hockett*, 2020 WL 6063489, * 2 (W.D. Pa. Oct. 14, 2020) ("Defendant has not provided evidence that conditions at FCI Schuylkill are of particular risk to him to render his circumstances extraordinary and compelling, and instead has given generalized concerns about the spread of COVID-19 which is true of any prison environment."); and *United States v. Mekaeil*, 2020 WL 6318693, at * 3 (D. Kan. Oct. 28, 2020) ("Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").

(3) I am also unconvinced that the Defendant has exhausted his administrative remedies. The First Step Act permits an inmate to file a motion in federal court seeking compassionate relief only after fully exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A). Here, there is no indication that the Defendant filed an administrative request for compassionate release with

the warden of NEOCC, then exhausted the BOP's administrative remedies or waited 30 days from the date an administrative request was filed with the warden. The Defendant states in his Motion that "there is no warden and no administrative recourse." (ECF 205) His assertion suggests that he has not filed an administrative request for compassionate release with the NEOCC warden. The Government has not waived the exhaustion requirement and a review of case law did not yield any instances where exhaustion would be excused under these circumstances.

THEREFORE, for these reasons, this 17th day of November, 2020, it is ordered that Defendant's Motion for A Reduction in Sentence (ECF 205) is DENIED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge